MICHIGAN SURETY CO. *v.* COUNTY OF MUSKEGON.

1. COURTS—DEPOSITARIES—BONDS—SUBROGATION—JURISDICTION.
   Suit by surety against depositor county to enforce subrogation clause of depository bond was properly brought in county other than that in which receiver of insolvent depository was appointed.

2. JUDGMENT—ASSIGNMENTS—JURISDICTION—PARTIES.
   Decree in suit for specific performance of subrogation clause of a depository bond brought against depositor county may operate as assignment to surety and, as such, is not an encroachment upon jurisdiction of another court appointing receiver of depository who is not a party.

3. SPECIFIC PERFORMANCE—JURISDICTION—SUBROGATION.
   Jurisdiction of court to grant specific performance of subrogation clause of depository bond is not defective because surety may have full right of subrogation without formal assignment by depository county or decree therefor.

Appeal from Ingham; Carr (Leland W.), J. Submitted January 4, 1934. (Docket No. 60, Calendar No. 37,492.) Decided March 6, 1934.

Bill by Michigan Surety Company, a Michigan corporation, against County of Muskegon for specific performance of subrogation clause of a depository bond and for other relief. From order denying motion to dismiss, defendant appeals. Affirmed.

*Shields, Silsbee, Ballard & Jennings,* for plaintiff.

*George H. Cross,* for defendant.

FEAD, J. Plaintiff, as surety, executed a $20,000 depository bond to secure repayment of defendant's

deposits of county moneys in the Peoples State Bank for Savings, of Muskegon. In October, 1931, the bank suspended payment and later a permanent receiver was appointed by the circuit court for Muskegon county. The county deposit was over $200,000, part of which has been paid from securities. The receiver has declared two 10 per cent. dividends to creditors but has not paid them to defendant because of a dispute now in litigation in this court.

Plaintiff having refused payment of its bond, defendant brought action and recovered judgment, which was affirmed on review. *County of Muskegon* v. *Michigan Surety Co.,* 264 Mich. 65. Pending that appeal, plaintiff deposited municipal bonds with the State treasurer in order to stay execution.

In July, 1933, plaintiff tendered to defendant the amount of judgment, interest and costs, and demanded execution of release and assignment under the subrogation provision of the bond to enable it to demand dividends from the receiver. The tender was refused upon such condition.

Plaintiff filed this bill for specific performance of the subrogation clause of the bond, for injunction to restrain defendant from levy of execution on its judgment or forfeiting the deposit of bonds made with the State treasurer and for general relief.

Defendant moved to dismiss the bill on the grounds that the court has no jurisdiction to entertain the bill and grant relief, that jurisdiction is exclusive in the circuit court which appointed the receiver, that plaintiff's remedy is by intervention in the receivership proceedings, and that no decree is necessary to insure subrogation to plaintiff.

This is appeal from an order denying the motion to dismiss.

The subrogation clause of the bond is:

"5. In case of payment of a loss on account of a default hereunder the surety shall be subrogated to such proportion of all rights of the obligee growing out of such loss, including dividends paid and to be paid out of the estate of the principal, as the amount so paid by the surety bears to the total deposit of the obligee at the time of such default, and simultaneous with such payment the obligee shall execute all papers required by the surety and render all assistance, not pecuniary, to secure to the surety the rights herein provided for."

Counsel agree that the circuit court of Ingham county has no jurisdiction to control or interfere with the receiver or receivership property or proceedings or render decree binding on the receiver or the court which appointed him. The question is whether relief under the instant bill would have such forbidden effect.

The purpose of the bill is to determine the validity and effect of the subrogation clause. The controversy is wholly between plaintiff and defendant. The receiver of the bank is not a party to nor interested in the suit. The relief sought is to compel defendant to perform its part of a contract when plaintiff performs its obligation thereunder, the respective engagements being reciprocal and to be discharged simultaneously. Obviously such relief is within the jurisdiction of the court unless it is impossible to grant it by decree which will operate only on defendant and will not assume to bind the receiver.

Jurisdiction cannot depend upon the inadmissible assumption that public officers will disregard the decree of a court. But, if specific performance be ordered and defendant refuses to execute required

instruments, the court might give the decree the effect of an assignment. And, undoubtedly, the court could devise other relief, direct or indirect, to secure to plaintiff its rights.

Whatever its form, the decree, of its own force, could not project itself into the receivership. It would merely enable plaintiff to knock at the door of the receiver armed with instruments determining the respective rights of the parties hereto. If the receiver recognizes such instruments, he will do so by force of the authority conferred upon him by the court which appointed him and, if he refuses to heed them, plaintiff's remedy will be in such court. If relief here takes the form of assignment by decree, it will approach the receiver in the same manner as would a voluntary assignment, of no force in the proceedings until regularly allowed. A decree in this case would not constitute an encroachment upon the jurisdiction of another court.

It is not a jurisdictional defect that plaintiff may have full right of subrogation without formal assignment by defendant or decree therefor. Plaintiff is entitled to whatever benefit may accrue to it from execution of such instruments by defendant as it contracted to give.

Order affirmed, with costs and cause remanded for further proceedings with leave to defendant to answer within 15 days.

Nelson Sharpe, C. J., and Potter, North, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.